COMMONWEALTH *vs.* MARGARET SHEA.

Suffolk.     November 27, 1889. — December 21, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Complaint — House of Ill-Fame — Time and Place — Intent.*

A complaint on the Pub. Sts. c. 207, § 13, alleging that the defendant on a certain day and on other days named, at B., " did keep a certain house of ill-fame, there situate, then and on said other days and times there resorted to for the purpose of prostitution and lewdness," is sufficient without any averment of an unlawful or criminal intent.

COMPLAINT, dated May 11, 1889, to the Municipal Court of the city of Boston, alleging that the defendant, on November 11, 1888, " and on divers other days and times between that day and the day of making this complaint, at said Boston, and within the judicial district of said court, did keep a certain house of ill-fame, there situate, then and on said other days and times there resorted to for the purpose of prostitution and lewdness, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, on appeal, before the jury were impanelled, the defendant filed a motion to quash the complaint, "for the reasons that there is no offence against the law therein set forth; that the allegations are insufficient, vague, uncertain, and indefinite, and no unlawful or criminal intent is set forth." *Sherman*, J., overruled the motion; and the defendant alleged exceptions.

*P. J. Casey,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

DEVENS, J.     The motion of the defendant to quash the complaint is based upon the theory that its allegations are vague and indefinite, and also that no unlawful and criminal intent on the part of the defendant is alleged.     The allegations as to the place where and the time when the offence was committed are entirely specific, and no allegation of an unlawful or criminal intent was necessary.     The statute expressly forbids the act which the defendant was charged with committing, and the complaint follows its language.     Whether the defendant intended

to violate the statute or not, if she committed the act charged she was liable to the penalty which was imposed thereby. Pub. Sts. c. 207, § 13. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Waite*, 11 Allen, 264. The motion was properly overruled.     *Exceptions overruled.*